[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage in which some of the underlying facts are not in dispute. The parties were married on July 13, 1974 at Milford, Connecticut and have resided in Connecticut for a period of at least one year immediately prior to the date of the filing of the complaint. There are two children, issue of the marriage, one of whom is Brian James Rose, born September 13, 1981. A minor at the time of the hearing and presently in his last year of high school.
The parties agree that the marriage has broken down irretrievably, evidenced by their testimony and the fact that the parties have separated since October of 1998 with the plaintiff, Susan Rose living in her trailer while the defendant husband still occupies the marital residence. The Court heard the wife's testimony that the husband was unfaithful and on many occasions he came home inebriated. The defendant did not contest this evidence. Therefore, the Court finds that the defendant is primarily at fault for the breakdown of the marriage. Judgment shall enter on the grounds of irretrievable breakdown.
The major issues in this case concern alimony and disposition of the marital assets.
The plaintiff wife presently is employed at Seabreeze School and earns $14,000. annually and she has limited vocational skills. The defendant husband is presently employed by the Stratford Fire Department now earning $33,000., having just retired from the Milford Fire Department on August 19, 1999. The defendant retired after serving twenty (20) years and is scheduled to receive his pension in the near future, if not already received. In addition, he has worked for American Medical Response and before that employment with Chamberlain Ambulance. Finally, the plaintiff is several years older than the defendant. The defendant when employed by the Milford Fire Department earned $54,113.56 and $17,930.21 with American Response. The defendant also is a one-ninth contingent beneficiary of a 6 million plus CT Page 13064 trust created by his grandfather with his grandmother as the present beneficiary.
The court has carefully considered the criteria set forth in §§46b-81, 46b-82, 46b-56,46b-84 and 46b-62 C.G.S. in reaching the decisions reflected in the orders that follow.
ALIMONY
1. The Court orders the husband to pay alimony to the wife in the amount of $200.00 per week until she reaches age 65, at which time alimony shall be reduced to $1.00 per year. Alimony shall cease upon the happening of any of the following events: the death of either party, remarriage or cohabitation by the plaintiff with another person as defined by statute.
MEDICAL INSURANCE
The plaintiff and defendant shall each be responsible for their own medical coverage.
The husband will provide health insurance for the minor child until he is emancipated. The parties will share unreimbursed medical expenses for this child as follows: wife 25%; husband 75%.
CUSTODY
The parties shall have joint legal custody of the minor child, Brian, and he shall determine which parent he wishes to physically reside with. The non-custodial parent shall have liberal and reasonable visitation.
The parties shall share equally in holidays and vacations. In the event the father relocates outside of Milford, the minor child Brian shall finish his high school in Milford and reside with his mother.
CHILD SUPPORT
If the minor child, Brian, lives with his father, the plaintiff will pay the sum of $25.00 per week for child support. This is a deviation from the guidelines of $41.00 but is based on her limited assets and earnings. If the minor child resides with his CT Page 13065 mother while in high school, the Court will determine the matter of child support from the father.
PROPERTY
The plaintiff wife shall retain ownership of the house trailer at Milford and she shall be responsible for the loan thereon. The defendant husband shall have exclusive possession of the marital home at Gulf Street, Milford, Connecticut and the wife shall quit claim her interest in this residence to the husband. The husband shall be responsible for the first and second mortgages on this dwelling and shall hold the wife harmless thereon for any claim.
PENSIONS AND ACCOUNTS
Further, the husband shall transfer all of his interest in his stocks as listed on his financial affidavit, to wit: shares in Arco, Bristol Meyers, Southern Co. and John Hancock.
The husband shall transfer a one-half interest in his Section 457(b) Deferred Compensation Account (ICMA) with the Fire Department (Milford) and one-half of his 401 K Account with American Medical Response to his wife. He shall pay the cost of documentation for these transfers. Thereafter, the wife shall have no interest in either account. This transfer is to be accomplished within 90 days unless a delay is occasioned by the appropriate authorities. The husband shall transfer to the wife any interest or share he has as to the bank and credit accounts listed on her financial affidavit and he shall transfer one-half of the C.D. People's Bank to her.
The parties shall equally share in the husband's pension plan with the Milford Fire Department and the husband shall be responsible for any documentation expense.
OTHER PROPERTY
Each party shall retain and keep his or her tangible property in their respective possessions except the wife shall be entitled to retrieve her personalty and/or clothings at the marital residence.
As to the Trust of which the husband has a one-ninth remainderman interest, if he receives any proceeds from said Trust, he shall pay over to the wife one-quarter of the CT Page 13066 proceeds, within thirty days of his receipt thereof.
EXPERT WITNESS FEE
The parties shall each pay one-half of Barry Kaplan's expenses in validating the pension plan (husband) and one-half of the sheriff's fee of $154.40.
ATTORNEY'S FEES
The husband shall pay $3,000. toward the wife's attorney's fees, said payment of one-half within 90 days and the balance 60 days thereafter.
EXPENSES LIABILITIES
Each party shall be responsible for his/her own expenses and debts as set forth on their respective affidavits.
AUTOMOBILES
The husband shall retain possession and ownership of the motorcycle and Ford Club Wagon. He will allow the wife to use it for the purpose of taking the minor children to school with their belongings and on vacations. The wife shall retain ownership and use of her vehicle. Each party will pay their own insurance premium(s) except the defendant shall pay, if outstanding, any unpaid premium throughout the present policy period for his wife's vehicle.
DEDUCTIONS
The husband shall claim the son as his exemption for so long as qualified.
TAXES TAX LIABILITY
In the event of any tax liability as to their joint returns, past or present, the parties shall share liability proportionate to their respective incomes.
LIFE INSURANCE
The husband shall name his wife as irrevocable beneficiary for the listed insurance policies on his financial affidavit as long CT Page 13067 as he is obligated to pay alimony.
These orders effective as of this date.
GROGINS, J.